UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PETER ISTA TOTO ALLAN, also known as
PETER ALLAN GEORGE,

          Petitioner,

v.

NANCY JOHNSTON, Chairperson and
Chief Executive Officer for the Minnesota
Sex Offender Program, et al.,

          Respondents.

Case No. 26-CV-0397 (PJS/JFD)

ORDER

---

Peter Ista Toto Allan, pro se.

Thomas R. Ragatz, MINNESOTA ATTORNEY GENERAL'S OFFICE, for
respondent.

This matter is before the Court on petitioner Peter Ista Toto Allan's objection to
the January 20, 2026, Report and Recommendation ("R&R") of Magistrate Judge John F.
Docherty. ECF No. 5. Judge Docherty recommends denying Allan's petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely, for failure to exhaust state-
court remedies, and on the merits. ECF No. 4. The Court has conducted a de novo
review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court
overrules Allan's objection and adopts the R&R. Only the timeliness issue merits
comment.

Allan was indefinitely committed to the Minnesota Sex Offender Program ("MSOP") in 2009 as a sexual psychopathic personality and a sexually dangerous person after sexually assaulting or attempting to sexually assault multiple girls and women. ECF No. 4 at 1; *see also In re Civil Commitment of Allan*, No. A09-1607, 2010 WL 608028, at *1 (Minn. Ct. App. Feb. 23, 2010). Allan's petition argues that his continued commitment is unlawful based on the Minnesota Supreme Court's decision in *Matter of Commitment of Benson*, 12 N.W.3d 711 (Minn. 2024), which held that, in certain circumstances, the right to counsel granted by Minnesota's civil-commitment statute may be waived by the detainee. *See* ECF No. 1 at 4–15; Minn. Stat. § 253D.20. Allan argues that, during his civil-commitment proceedings in 2009, he did not ask to represent himself because the Minnesota Court of Appeals had interpreted Minn. Stat. § 253D.20 to preclude waiver of the right to counsel—and those decisions were not abrogated until many years later by *Benson*.[1] As a result, says Allan, his continued commitment is unlawful.

Judge Docherty concluded that Allan's petition "is plainly, obviously untimely." ECF No. 4 at 1. In general, a habeas petition must be filed within one year after "the

---

[1]Allan cannot argue that he was *denied* the right to represent himself because Allan did not *ask* to represent himself. As the Minnesota Court of Appeals explained, "Allan . . . did not object to the order appointing counsel or otherwise seek to waive counsel and represent himself in his civil-commitment proceeding." *Matter of Commitment of Allan*, No. A25-0652, 2025 WL 2827726, at *2 (Minn. Ct. App. Oct. 6, 2025), *review denied* (Dec. 17, 2025).

date on which the judgment [of a State court] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In his objection, Allan does not dispute that his petition falls outside that period by over a decade. Instead, he seems to argue that his petition is timely under three tolling provisions:

First, Allan invokes 28 U.S.C. § 2244(d)(1)(B), which extends the limitations period "if the applicant was prevented from filing by . . . State action." But § 2244(d)(1)(B) does not apply. Allan seeks to argue that he had a right—under both federal law and state law—to represent himself in his commitment proceedings. Absolutely nothing—much less "State action"—prevented him from filing a habeas action and making precisely that argument during the one-year limitations period. Allan complains that his argument under state law would have been unsuccessful because of existing precedents from the Minnesota Court of Appeals. But that did not prevent him from arguing that those precedents should be *overruled*, just as Michael Benson did. Nor did that prevent Allan from arguing that, under the *federal* Constitution (which trumps conflicting state law), he had the right to represent himself.

Second, Allan invokes 28 U.S.C. § 2244(d)(1)(C), which provides an alternative limitations period measured from the date on which a constitutional right "was initially recognized by the Supreme Court," if that right was also "made retroactively applicable

to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). But § 2244(d)(1)(C) does not apply. Allan is not relying on a *federal* constitutional right that was initially recognized by the *United States* Supreme Court. Instead, he wants to take advantage of a decision of the *Minnesota* Supreme Court that changed or clarified *state* law.

Finally, Allan invokes 28 U.S.C. § 2255(d)(1)(D), which allows a habeas action to be brought after the one-year limitations period if the "factual predicate" of the action could not previously "have been discovered through the exercise of due diligence." But § 2244(d)(1)(D) does not apply. Allan cites the *Benson* decision as the "factual predicate," but *Benson* represented a change (or clarification) of state law, not a newly discovered fact.

For these reasons, and for the reasons explained by Judge Docherty, Allan's petition is untimely. At bottom, Allan is trying to use the *federal* habeas statute—which exists to vindicate *federal* rights—to take advantage of a change in *state* law (or, as he would have it, the mistaken application of state law to his 2009 commitment proceedings). The federal habeas statute cannot be stretched so far.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 5] and ADOPTS the January 20, 2026, Report and Recommendation [ECF No. 4]. IT IS HEREBY ORDERED THAT:

-4-

1.    Petitioner's petition for a writ of habeas corpus [ECF No. 1] is DENIED

WITHOUT PREJUDICE.

2.    Petitioner's application to proceed *in forma pauperis* [ECF No. 2] is

DENIED AS MOOT.

3.    No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2026                              /s/ Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge